WILLIAM KNABE & CO. MFG. CO. v. DINWIDDIE et al.

(Supreme Court, Appellate Term. May 7, 1909.)

1. PLEADING (§ 36*)—ADMISSIONS—PROOF.

In an action by a landlord against a tenant, he could not contend that there was no satisfactory proof that he executed the lease, where his answer set out that he "entered into a certain written agreement in writing between plaintiff and said defendant, purporting to be a lease of the premises mentioned in the complaint," and such lease was received in evidence on the part of plaintiff, and defendant did not deny that it was the lease which his answer admitted he executed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

2. LANDLORD AND TENANT (§ 195*) — ABANDONMENT BY TENANT — RELETTING BY LANDLORD.

Where a tenant abandoned the premises before termination of the lease, and no duty was imposed on the landlord by the lease as to the reletting of the premises, but it was merely permissive, he owed the tenant no duty to relet the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 792, 793; Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by William Knabe & Co. Manufacturing Company against William Dinwiddie and another. From a judgment for defendant Dinwiddie, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Sproull, Harmer & Sproull, for appellant.
Horace A. Davis, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

PER CURIAM.  Plaintiff leased a room in their building to defendant and one Guion, who shared it with him.  Plaintiff was under the impression that the lease was to run for one year, ending May 1, 1908, whereas the one in evidence, and no other was offered, is for the period of two years.  Shortly before May 1, 1908, defendant vacated the premises, alleging that, if he had signed a two-year lease, it was under a mutual mistake of fact, and that he is not bound.  He advances two grounds of defense.

He contends, first, that there was no satisfactory proof that he executed the lease.  Such proof was unnecessary, for in defendant's answer he sets out as a part of his first defense that:

He "entered into a certain agreement in writing between the plaintiff, as the party of the first part, and said defendant William Dinwiddie and defendant Clement Guion, 2d, as parties of the second part, which agreement purported to be a lease of the premises mentioned in the complaint."

Such a lease was offered and received in evidence on the part of plaintiff, and defendant did not deny that it was the same lease which in his answer he admits having executed.  There is no reason to believe that any other exists.  There can be no question of misrepresentation by plaintiff, for both the defendant's testimony and the answer show that at the time of making the lease he was guided solely by the statements of his codefendant, who alone had dealings with plaintiff.

The greater weight of defense is placed upon the contention that plaintiff was negligent in failing to relet the premises for the remainder of the term.  It is urged, in effect, that a positive duty rested upon it to do so, for the omission of which plaintiff is now precluded from pleading that it sustained damages.  No such duty is imposed by the terms of the lease which are merely permissive.  Such a clause in a lease is usual to preserve the landlord's remedy against the tenant in case the former should elect to relet.  Neither does such a doctrine appear to be the law.  In a case surprisingly similar to the one at bar Mr. Justice Gildersleeve said:

"The plaintiff owed the defendant no duty to relet the premises."  Clendinning v. Linder, 9 Misc. Rep. 683, 30 N. Y. Supp. 543.

Plaintiff testified, however, that they did make effort, but, owing to the great financial depression of that year, they were unable to succeed.  Defendant offered no evidence tending to show that plaintiff might have leased the premises prior to October, when a tenant was finally secured at a reduced rental.  The record shows that there was a written agreement to lease between the parties which has not been terminated.  For these reasons the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.