Farr, J.
This is a proceeding in error prosecuted in this court from the judgment of the court *369 of common pleas of Mahoning county. The parties sustain the same relation here as in the court below.
On the 28th day of January, 1916, plaintiff in error, Kate E. White, began an action in the municipal court of the city of Youngstown against defendant in error, George M. Smith, to recover the sum of $168 and costs; the principal part of said sum for which recovery was sought was for installments of rentals falling due by the terms of a certain agreement in writing made and entered into between said parties for the period of one year beginning on the 1st day of May, 1915, for the use and occupancy of certain premises belonging to plaintiff in error and situated at 360 Crescent avenue, Buffalo, N. Y.
To the statement of claim of plaintiff below the defendant filed a statement of defense, claiming that on or before the 31st day of October, 1915, he surrendered his lease to plaintiff and delivered possession of said premises to her, that such surrender was duly accepted, and that thereupon plaintiff rented or could have rented said premises to another tenant at a rental equal to that specified in the lease. Trial was had and a judgment entered for plaintiff in the sum of $158.50. An appeal was taken to the court of common pleas, of this county, where said cause was tried to a jury and a verdict rendered for the defendant, upon which judgment was entered, and from which error is now prosecuted.
There are two principal assignments for error: First, that the court erred in its charge to the jury; second, that the verdict is against the weight of *370 the evidence. That part of the charge of the trial court for which error is assigned reads, as follows:
“If he left the premises, then there was an obligation resting upon the plaintiff, and that obligation was in law that she should, in good faith, exercise due diligence in attempting to find a tenant; but, if she in good faith, exercised due diligence to obtain a tenant and failed to obtain one, then she can recover for this amount if she could not obtain a tenant until the first day of April, 1916. But, if, on the other hand, she did not exercise good faith, and exercise reasonable diligence to obtain a tenant, then I say to you from the time she could have obtained a tenant, then she is not entitled to recover.”
The record discloses, and it is conceded, that the defendant Smith vacated said premises on or about the 22d day of October, 1915, but paid the rent to the 1st day of November following; that on October 25, 1915, James R. White, who in the rental of said premises had acted as the agent of his sister Kate E. White, wrote Mr. Smith inquiring as to what he purposed to do in regard to said lease, stating that as the same did not expire until the first of the next May he had no other alternative than to hold him to the terms of the lease. The record discloses that an effort was made by Kate E. White or her agent to secure a suitable tenant, but none was obtained,, and that said premises were not relet until April 1, 1916, after which no rentals are claimed. Testimony was offered by the defendant for the purpose of showing that plaintiff consented to the surrender of said premises by defendant, and that plaintiff failed to use reasonable diligence to relet or re-rent the same; and *371 it is also urged in argument, and in fact is the principal issue raised, that when the defendant vacated said premises it was the duty of plaintiff to use reasonable diligence to re-rent the same, or, in other words, it is claimed that if a lessee abandons the leased premises before the expiration of his term it is the duty of the lessor to use reasonable diligence to relet said premises and that if he fails to do so he cannot recover the installments of rental accruing after such abandonment.
In 3 Sutherland on Damages (4 ed.), Section 844, page 3111, it is provided that: “The landlord is under no obligation to rent premises which have been abandoned by a tenant,” Numerous cases are cited in the note in support of the foregoing tdxt.
Likewise it was held in Gray v. Kaufman Dairy & Ice Cream Co., 41 N. Y. Supp., 73, as follows: “Where a tenant abandons the demised premises, it is not the duty of the landlord to relet, in order to reduce his claim for damages against the tenant.”
To the same effect it is held in Merrill v. Willis, 51 Neb., 162, 70 N. W. Rep., 914; Becar v. Flues, 64 N. Y., 518; Wm. Knabe Mfg. Co. v. Dinwiddie, 116 N. Y. Supp., 716; Milling v. Becker, 96 Pa. St., 182; Underhill v. Collins, 132 N. Y., 269, 30 N. E. Rep., 576. See also 24 Cyc., 923, note 18, and Goldman v. Broyles, 141 S. W. Rep., 283, paragraph 6 of syllabus.
And in Ran v. Baker et al., 118 Ill. App., 150, it was held:
“Where a tenant wrongfully abandons demised premises, he cannot interpose the want of diligence of his landlord in failing to re-rent the premises *372 as a defense to an action for the rent accruing after such abandonment.”
The foregoing is well in point with the instant case, in which the want of diligence on the part of the landlord to relet is sought to be interposed as a defense.
In the well-considered case of Higgins v. Street, 19 Okla., 45, 13 L. R. A., N. S., 398, it is held:
“If a tenant wrongfully abandons leased premises before the expiration of the term, the landlord may, at his election, at once enter and terminate the contract and recover the rent due up to the time of abandonment, or he may suffer the premises to remain vacant and sue on the contract for the entire rent, or he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages.”
The foregoing is clear and explicit and is supported by many cases of favorably recognized jurisdictions. And why not? A lessor and lessee enter into a valid binding contract for a fixed and definite period, during all of which the lessee is for some purposes the owner of the demised premises and may exercise dominion and control over them, even to the exclusion of the lessor; therefore it is but fair that the les.sor should rely upon him to do so. The lessee may rely and rest upon the letter of his contract, and occupy without let or hindrance to the end of his term; the lessor has equal rights and may depend upon the lessee to do so or pay his rentals just the same. The lessor may elect to do otherwise, and if able to secure a suitable *373 tenant should relet such premises; and under such circumstances it might be said would be morally bound to do so, as observed in Shipman v. Stone, 16 C. C., N. S., 468, as follows:
“It is the landlord’s moral duty, if not his legal duty, to ease the tenant by reletting for the best rent he can get, and his so doing does not of itself work a surrender of the lease.”
However, the landlord is in no wise legally obligated so to do. He may rest upon the terms of his rental agreement and leave the disposal of the demised premises, for the remainder of the term, at the option of the less.ee.
Therefore, the above instruction by the trial court was prejudicial error. Application of the foregoing principles would necessarily work a reversal on the weight of the evidence, and the judgment is therefore reversed.

Judgment reversed.

Pollock and Metcalfe, JJ., concur.