Common Pleas Court of Hamilton County.

THE ENQUIRER BUILDING COMPANY V. JOHN H. MENKE.

Decided December 20, 1930.

*Ragland, Dixon & Murphy,* for plaintiff.

*Pogue, Hoffheimer & Pogue,* and *Oliver S. Bryant,* for defendant.

ALFRED MACK, J.

Plaintiff seeks to recover monthly installments of rent at $188.33 each, with interest, upon a lease for one year of certain rooms in its building. Defendant's claim is that after he had occupied the premises for several months and paid rent therefor, he notified plaintiff that he was unable and unwilling to further occupy the premises and requested plaintiff to lease the same to other parties; that thereafter other parties were ready, able and willing to take said premises and offered to pay a reduced rent therefor, but that plaintiff refused to rent said premises to such other parties; that defendant is liable only for the fixed rent less the amount such other parties would have paid for the premises.

A jury having been waived, the cause is submitted to the court upon the lease and a stipulation as to the facts.

From the lease and the stipulation the following facts are established:

The lease is upon a printed form with blank spaces to be filled in. Under a heading "Manner of Use," it is stated that lessee agrees with lessor "to use the above described premises for lawful business purposes only as sales office for vacuum cleaners." Lessee also agrees not to assign the lease or underlet the premises, nor any part thereof, without the written consent of lessor.

Under the heading "Re-Entry" it is agreed that if rent be in default longer than ten days, or if lessee fails to observe any of the covenants and conditions of the lease, "then it shall be lawful for said lessor at its option either, *first,* to re-enter and re-possess said premises" and remove and store without liability the effects of lessee on the premises, or *second,* as agent of lessee to re-enter the premises, etc., and re-rent said premises to the best advantage, applying the rentals to the amount due under the lease and to expenses, including cost of remodeling, in which case the deficiency shall be paid by lessee.

It further appears that the rent is unpaid since June 1, 1930, and that in the latter part of June or early part of July, 1930, two attorneys sought to rent the leased premises at a reduced rent; that one of said attorneys was then under indictment by the grand jury and was awaiting trial; that the other attorney was unable to comply with the proposed renting without the assistance of such indicted person, but that with his association said attorneys were able to pay the reduced rent during the balance of the term of lessee.

It further expressly appears that lessor has at no time re-entered or re-occupied the leased premises and that lessee has at no time produced to lessee any persons as prospective tenants for said premises.

Although the lease contained the special agreements hereinbefore pointed out, the cause has been argued solely upon the proposition whether the lessor had the right to insist upon the payment of the reserved rent by the lessee or whether it was the duty of the lessor upon default of lessee to endeavor to re-rent the demised premises on the best terms obtainable, and thereby minimize the damages of lessor.

Upon breach of contract the law is well settled that the aggrieved party is under obligation to use such efforts as will minimize his damages, and that he can only recover the loss sustained after using such efforts. It is claimed, however, that a lease, although the subject of contract, is something more; that it is the creation of an estate, and that the lessor on the one hand cannot disturb the lessee, and that the lessee, on the other hand, is required to render performance of the covenants and conditions in accordance with the terms of the lease.

Without considering the Ohio decisions, the authorities are almost unanimous that in the event a lessee fails to pay rent or perform any other covenants of a lease and the lessor has a right of re-entry, under such circumstances then the lessor may take either of two courses:

*First*, the lessor may re-enter and resume possession, which would amount to a surrender and a cancellation of

the obligations of both lessor and lessee thereafter. In such event lessor has the right to seek a new tenant, but runs the risk of losing his rent by reason of inability to find such new tenant.

*Second,* as an alternative course the lessor has the right to abstain from re-entry and hold the lessee liable on his covenant to pay rent until the end of the term. In such event, the lessor retains all his rights against the lessee, but risks losing rent for his premises by reason of lessee's possible inability to pay such rent.

These principles of law are well stated in 1 Underhill on Landlord and Tenant, page 636, Sec. 398.

The authorities will be found collected in 36 Corpus Juris, page 342, par. 1153; 18 A. & E. Enc. Law (2d ed.), pp. 365 and 366; 16 Ruling Case Law, Sec. 481, page 969; 15 L. R. A. (N. S.), 406.

It is also well established that while the lessee under the circumstances above stated has the right to exercise either of said two courses, nevertheless he may adopt a third course. He can, instead of accepting a surrender of the lease resulting in a cancellation of all obligations, accept possession of the premises for the purpose of preventing loss to lessee by re-renting the premises at the same or reduced rent, in which latter event the lessee would only be liable for the deficiency.

In *White* v. *Smith,* 8 Ohio App. Rep., 368 (28 C. C. (N. S.), 438), it is held that where a tenant abandons the leased premises the landlord is under no legal obligation to re-let such premises. The ground upon which that decision is based is as follows:

"A lessor and lessee enter into a valid binding contract for a fixed and definite period, during all of which the lessee is for some purposes the owner of the demised premises and may exercise dominion and control over them, even to the exclusion of the lessor; therefore it is but fair that the lessor should rely upon him to do so. The lessee may rely and rest upon the letter of his contract, and occupy without let or hindrance to the end of his term; the lessor has equal rights and may depend upon the lessee to do so or pay his rentals just the same."

This decision which is in consonance with the general prevailing rule, will be followed by this court, unless it is in conflict with a decision of our Supreme Court or Court of Appeals.

In *Walsh* v. *Shinner,* 20 Fed. (2d), 586, the U. S. Circuit Court of Appeals for the 3d circuit, applying the Ohio law with reference to an Ohio lease, although recognizing the rule laid down in *White* v. *Smith* to be the general law, declined to follow that decision, and held that it was in conflict with a declaration by the Ohio Supreme Court and decisions of four other courts of appeals which we shall now briefly discuss.

*Bumiller* v. *Walker,* 95 Ohio St., 344: In this case, Bumiller, the lessee, had sent the keys to Walker, the lessor, who advertised for a new tenant, and rented the premises to others. One of the questions involved was, whether this was such surrender as amounted to a cancellation of the lease. The Supreme Court held that there was no evidence tending to show consent or acquiescence in such surrender, on the part of the lessor. At page 356 the court said:

"Walker could not have done otherwise than he did. His acceptance of the key, advertising for a tenant and renting of the premises became his legal duty."

It is obvious that in that case the lessor accepted possession of the premises, and for that reason the court held that it was his legal duty to minimize his claim against the lessee by collecting, if possible, rent for the use of such premises so in his possession.

*Stuart* v. *Ford,* 11 C. C. R., 453: This is a decision of our own Circuit Court in a case where 'the lessees delivered the keys to the lessor against his protest, and where lessor proposed to aid them in renting the property for the unexpired term without waiving any of his rights. The court said at page 456:

"We are of the opinion that he might then rent it, without waiving his rights, and perhaps that it was his duty to take such steps as would lessen his damages for the breach of the contract by defendants."

It will be observed that in this case there was a delivery

of possession to the lessor.

*Shipman* v. *Stone,* 16 C. C. (N. S.), 466: In this case, the lessor took possession of the premises and re-rented the same and sued for the difference between the rent fixed and the amount received from the new tenant. The court said at page 468:

"It is the landlord's moral duty, if not his legal duty, to ease the tenant by re-letting for the best he can get, and his so doing does not of itself work a surrender of the lease."

This case was affirmed by the Supreme Court without opinion (58 Ohio St., 715). From the brief filed in that court by the attorneys for successful party it appears that they relied upon the general prevailing rule of law that the landlord was under no obligation to accept possession and re-let the premises, but stated that in doing so and minimizing the claim against the lessee he did more than was required of him by law.

*Muth* v. *Wruble,* 24 C. C. (N. S.), 426: In this case also lessor took possession of the premises and re-rented same and held the lessee for the deficiency in the rent received over that stipulated in the lease.

*Baker* v. *Herrlinger,* 16 Ohio App., 253: In this case lessor received the keys and notified the lessee that he did not accept a surrender of the premises nor waive any rights he might have, but took possession with a view of securing a tenant and minimizing the damages arising from the breach of the contract of lease. The decision is by our own Court of Appeals, and, following the statement quoted from the case of *Bumiller* v. *Walker,* the court held that the lessor was entitled to file a claim for the difference between the rent fixed by the lease and the rent received from the use of the premises by renting to others.

In the statement of facts in the case of *Walsh* v. *Skinner,* it is said that the premises were rented at a monthly rental of $432; that the lessee presented to the lessor, before and after lessee vacated the premises, several persons as suitable and responsible tenants who were willing to rent the premises for the remainder of the term, upon the rental and under the covenants of the lease; that the

lessor refused to accept such tenants except at a monthly rental of $700; that as no one was found to pay this increased rent lessor "declared a breach of the lease, and entered upon and took possession of the premises." The lessor sued for the cost of restoring the premises to their former condition and loss of rent for remainder of the term. The trial court instructed the jury that it was the lessor's duty to mitigate the damages. The verdict was simply for the cost of restoration, and judgment on such verdict was affirmed by the U. S. Circuit Court of Appeals. It seems that the decision in that case is correct upon one of two grounds, viz.: either the conduct of the lessor amounted to accepting a surrender and cancellation of the lease, in which event there would be no liability except for the cost of restoration, or that by taking possession, the lessor, under the Ohio decisions in the Bumiller case and the other four cases discussed above, was required to minimize the damages by accepting rental for the use of such premises in his possession.

It is the opinion of the court in the instant case that there is no conflict between the decision in *White* v. *Smith* and the other Ohio cases discussed above. The plaintiff herein, not having entered into possession of the leased premises is under the law generally prevailing, and under the decision in the case of *White* v. *Smith,* entitled to the rent specified in the lease herein, for the remainder of the term for which said rent has not been paid.

In view of the foregoing conclusion, it is unnecessary to discuss the special clause with reference to the use of the premises, or any possible objection to the proposed tenants. It is also unnecessary to discuss the express options given to the lessor, under the terms of the lease, for the reason that the lessor did not avail itself of either of said options.

It follows that judgment herein will be entered for the plaintiff for the amount claimed in the petition as rent for the months of June, July, August, September and October, 1930, with interest on the respective amounts from the first day of said respective months. Plaintiff will also recover its costs herein.