## ROSENBERGER v HEARSNIP

Ohio Appeals, 6th Dist, Lucas Co
Decided Feb. 10, 1930

Chares W. Davis, Toledo, for Rosenberger.

Miller, Miller & Brady, Toledo, for Hearsnip.

**WILLIAMS, J.**

Plaintiff in error maintains that the court below should have directed a verdict for the plaintiff and that final judgment should be entered in this court in favor of the paintiff in error for the amount of the rental, but does not urge the matter of damages pleaded in the plaintiff's petition.

It is well settled that a lessee is not relieved from his obligation to pay the stipulated rental by the mere assignment of the lease to a third party, even though the lessor assents thereto.

16 R. C. L., 843, Sec. 343;

36 C. J., 371, Sec. 1227;

**Taylor vs. DeBus, et al., 31 Ohio St., 468;**

**Harmony Lodge vs. White, et al., 30 Ohio St., 569;**

**Blosser vs. Enderlin, 113 Ohio St., 121.**

The defendant below offered evidence tending to show that when Meals sold out to Zoller they went together to see the plaintiff Rosenberger and that they had a conversation there in which Meals asked the plaintiff Rosenberger about letting Zoller have the place and that the plaintiff stated that the lease was void and that if Zoller wanted to rent the store by the month he would rent it to him and would make a lease later on, and that thereupon the plaintiff rented the premises to Zoller at $85.00 per month. Defendant below also offered evidence tending to show that after the above conversation and alleged agreement, Zoller occupied the premises and paid rent to the plaintiff.

Did this conversation and alleged agreement amount to a defense? When the defendant assigned the lease to Meals and Meals took possession, the defendant no longer retained any interest or estate in the premises. From that time on the leasehold estate and all rights under the lease belonged to Meals and Meals was obligated in the first instance to pay the rental, although there was a secondary liability still resting on the defendant. When Meals went with Zoller to see the plaintiff, Meals was the only one who could cancel the lease and surrender the premises, and the evidence tends to show that Meals assented to the alleged new agreement for rental of the premises made between the plaintiff and Zoller and to the termination of the old lease. The defendant could not prevent the cancellation of the old lease as he had assigned it to another, nor was defendant's consent to cancellation and surrender necessary. It is true the lease between Zoller and the plaintiff was verbal, but Zoller had possession and occupied the premises under the verbal agreement of lease and it became binding and enfnorceable. If the jury believed the evidence adduced by the defendant, it was warranted in finding that there was a cancellation of the original lease and surrender of the premises and that a new lease was entered into, which was binding and valid, and that the defendant was not liable for rental under the old lease after cancellation and surrender. We are unable to say that the finding of the jury in favor of the defendant is against the weight of the evidence, and as the evidence tended to establish the defense made by defendant, the court committed no error in refusing to direct a verdict in favor of the plaintiff.

We have examined the charge complained of, which reads as follows:

"Now the law of landlord and tenant requires this in a case of this kind,— if the tenant leaves premises leased before expiration of term, the landlord is bound to use ordinary and reasonable diligence to rent place to another for the best terms he can secure, and in the event tenant leaves property and landlord does use reasonable diligence to secure new tenant, or does secure a new tenant at less amount, then original tenant is liable to landlord for full sum of rent accruing during term of lease, but less whatever the landlord was able to secure,—* * * ."

This statement of the law was erroneous. In **White vs. Smith, 8 Ohio App., 368,** the law is correctly stated in the syllabus as follows:

"Where a tenant abandons the leased premises, the landlord is under no legal obligation to relet such premises, and in an action to recover the rentals accruing after such abandonment the tenant can not interpose as a defense want of reasonable diligence to rerent the same."

The charge as given precluded the plaintiff from recovery if he did not use reasonable diligence to re-rent the premises. This charge was not only erroneous but was also clearly prejudicial to plaintiff in error and compels a reversal of the judgment. For such prejudicial error the judgment will be reversed and the cause remanded for a new trial.

Lloyd and Richards, JJ., concur.