Zimmerman, J.
 

 The precise question involved in this controversy is whether plaintiff’s second amended petition is good as against demurrer. The trial court sustained the demurrer interposed by the defendant and, plaintiff not desiring to plead further, final judgment was rendered for the defendant. Upon appeal, the judgment below was affirmed by a majority of the Court of Appeals. Allowance of the motion for certification brings the case to this court for determination on its merits.
 

 Epitomized, the second amended petition recites that plaintiff, an attorney at law, was a shareholder in a company known as Continental Shares, Inc., a Maryland corporation doing business in Ohio; that he made a protracted and detailed investigation to determine the validity of certain acts of the corporation, its solvency and the rights and liabilities of its officers, directors, shareholders, creditors and others, as a result of which he accumulated a great amount of information and evidence; that he initiated and joined in litigation against the corporation, which culminated in the appointment of a receiver in Baltimore and an ancillary receiver in Ohio; that one Wachner was named the ancillary receiver and the defendant, Loeser, was designated by the court as his counsel; that defendant Loeser, without plaintiff’s knowledge, secured the appointment of plaintiff as co-counsel for the ancillary receiver, and notified plaintiff thereof, in a short time.
 

 
 *364
 
 Next, the petition avers that the affairs and in: volvements of Continental Shares, Inc., were large and ■complex, requiring the services of counsel thoroughly ■conversant with the facts and with the operations of the corporation; that on or about June 23,1933, the defendant orally requested plaintiff, in the city of Cleveland, to continue to give him the benefit of his experience and counsel, perform legal services for him, assist in procuring evidence, interpret and analyze numerous and voluminous audits, books and‘papers, and to render such assistance in the affairs of the trust as ■defendant might request; that plaintiff then and there .agreed to comply with such request, .in consideration whereof the defendant orally promised to pay plaintiff, when received, a sum equal to one-half of the amount the defendant might procure as attorney fees.
 

 Continuing, the plaintiff alleges that plaintiff accepted appointment as co-counsel subject to and dependent upon the described agreement with the defendant, but that the defendant never permitted plaintiff to act as co-counsel; that plaintiff immediately entered into the performance of such agreement and rendered valuable services to the defendant, which were .utilized by the defendant for the benefit of the trust; that plaintiff at all times held himself in readiness to perform any services requested, and did everything required of him in pursuance of the agreement until the filing of his original petition herein.
 

 The petition states further that in November of 1933, pursuant to the agreement, the defendant did pay to the plaintiff by check of Wachner, the ancillary receiver, the sum of $7,500, being one-half of the first partial allowance of fees obtained by Loeser as attorney, but has since refused to pay plaintiff anything, although between the dates of November 14, 1933, and November 9, 1940, defendant collected personally the total sum of $135,000 as fees.
 

 
 *365
 
 Plaintiff then claims the sum of $60,000 from the defendant, and asks judgment for that amount, with interest from November 9, 1940.
 

 In approaching a decision in this case, it must be borne in mind that the legal sufficiency of plaintiff’s second amended petition is the controlling question.
 

 As interpreted by the trial court, the petition sets, forth an agreement to split the attorney fees which might be allowed by the court, and that such agreement contravenes public policy and is void.
 

 As disclosed by its opinion, the Court of Appeals entertained the view that the petition does not state a cause of action because “the plaintiff was appointed as one of the counsel for the receiver and accepted said appointment, which abrogated his alleged agreement; with Loeser, and thereafter, pursuant to said appointment, plaintiff received a check from the receiver for services performed by him for the receiver. This being so, the only remedy the plaintiff had or has is such; as might have been or may. be available to him in the-receivership case.”
 

 On the present appeal, the plaintiff insists-that the defendant’s characterization of the alleged agreement between plaintiff and defendant as an illegal fee-splitting arrangement is wholly unwarranted under the facts alleged. Plaintiff argues that the agreement described was one for
 
 bona fide
 
 and valuable services to be performed by the plaintiff on behalf of the trust,, for which he was to be compensated in an amount equal to one-half of the fees obtained by the defendant, and that such agreement possesses no feature of invalidity nor is it opposed to public policy.
 

 The rules of the Code of Civil Procedure require a liberal construction of a petition favorable to the pleader.
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Hutchins,
 
 37 Ohio St., 282, 288. And for the purpose of' testing the legal sufficiency of a petition upon demur
 
 *366
 
 rer, such liberal construction makes it incumbent upon a court to indulge every reasonable inference from tbe facts alleged to sustain tbe petition.
 
 Humphries
 
 v.
 
 Wheeling Steel Corp.,
 
 132 Ohio St., 263, 7 N. E. (2d), 230.
 

 Under such an approach, tbe petition shows tbe appointment of plaintiff by tbe court as co-counsel. It sets forth an agreement between plaintiff and defendant whereby, for tbe services to be performed by tbe 'former in the interests of tbe trust, tbe defendant would compensate him in a sum equal to one-half of the fees allotted. It is averred that pursuant to such agreement tbe plaintiff did render valuable services and that tbe ancillary receiver at defendant’s instigation issued a check to plaintiff for one-half of tbe first award of fees.
 

 Prom these allegations it may reasonably be inferred that tbe court was cognizant of plaintiff’s connection with tbe receivership proceedings. It may further be inferred that tbe attorney fees allowed by tbe court were in proportion to tbe value of tbe legal services rendered tbe ancillary receiver and tbe trust, and that if- plaintiff, under bis appointment as co-counsel, bad contributed to tbe worth of such legal services by bis activities and assistance, be would be compensated for what he bad done, out of tbe fees actually allotted, especially in tbe absence of any individual application for fees on bis part. Since tbe petition expressly alleges plaintiff’s appointment as co-counsel and bis receipt of a check for $7,500 from tbe ancillary receiver at defendant’s behest, it may be that tbe evidence will disclose a representation to the court, or an understanding by tbe court, that all expenses for legal services performed were covered by tbe allowances made to tbe defendant.
 

 "The general rule is that competent persons shall have tbe utmost liberty of contracting and that their
 
 *367
 
 agreements voluntarily and fairly made shall be held valid and enforced in the courts * * *. The principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reasons on which that doctrine rests.”
 
 Twin City Pipe Line Co. v. Harding Glass Co.,
 
 283 U. S., 353, 356, 75 L. Ed., 1112, 1116, 51 S. Ct., 476.
 

 “A contract is not void as against public policy unless it is injurious to the public or contravenes some established interest of society.” Wood on Fee Contracts of Lawyers, 268, Section 88.
 

 Ordinarily, “attorneys who jointly undertake to prosecute or to defend a lawsuit are entitled, in the absence of any agreement to the contrary, to share equally in the compensation, and it is immaterial which attorney furnishes the most labor and skill * * *.
 

 “Where one of two attorneys jointly employed collects the entire fee, he is liable to the other * * * ” 7 Corpus Juris Secundum, 1038, “Attorney and Client,” Section 174. Compare, 5 American Jurisprudence, 386, Section 207.
 

 Furthermore, an agreement between lawyers, representing the same interests, to divide fees is not usually objectionable.
 

 “It is neither unethical nor illegal for an attorney to make an arrangement for dividing fees with an attorney whom he may retain as counsel in behalf of his clients. * * *
 

 “The terms of the contract determine the rights to claim a division of the fees, and when the right was to accrue on the happening of a certain event, which happened, counsel is entitled to his share unless he abandoned the contract, or declined, refused, or failed without excuse to perform. The fact that one does more than his proportionate share of the work will not entitle him to more than the agreed proportion of the
 
 *368
 
 compensation, where the other is ready and willing to serve whenever called on. So it is immaterial whether the client knew of the contract between the attorneys or not, or whether he had any connection with it * * *.
 

 “Such an agreement to divide fees establishes a trust agreement between the attorneys respecting the fees collected, in which both are entitled to share, * * * and an attorney who repudiates his obligation to divide the fees may be subject to action and constrained to account. It is immaterial that the order fixing the fee allowed it as for services rendered solely by one attorney, where the other was not a party to the arrangement under which the fee was allowed or collected.” 7 Corpus Juris Secundum, 1039,1040, “Attorney and Client,” Section 174.
 

 One of the principal cases relied upon by the defendant is
 
 Weil
 
 v.
 
 Neary,
 
 278 U. S., 160, 73 L. Ed., 243, 49 S. Ct., 144. It was there held that an agreement for the division of fees, allowed in a bankruptcy proceeding, between the attorneys for the trustee in bankruptcy and an attornéy representing creditors of the bankrupt, contrary to a rule of court, was against public policy and void. In the instant case the petition does not suggest any elements of that nature. Plaintiff here makes the claim that his services were rendered in aid of the defendant who was counsel for the ancillary receiver, and that such services were exclusively in the interests of the trust. No division or sharing of fees between counsel representing conflicting interests, as in the
 
 Neary case,
 
 is here involved.
 

 In the opinion of a majority of this court, plaintiff’s second amended petition sets forth a valid cause of action, and does not on its face present a reprehensible or illegal arrangement. Of course, what the evidence on the trial may develop is another matter and is of no present concern.
 

 
 *369
 
 The court of first instance was in error in sustaining the demurrer to the second amended petition and in entering judgment for the defendant, and the Court of Appeals likewise erred in affirming such judgment.
 

 It follows that the judgment of the Court of Appeals is reversed and the cause remanded to the Common Pleas Court for further proceedings not inconsistent with this opinion.
 

 Judgment reversed.
 

 Matthias, Hart, Bell and Williams, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Turner, J., not participating.