AMOS, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S
COMPENSATION (FLOWERS, SUCCESSOR, ADMR.), ET AL.,
APPELLEES.

(No. 68-193—Decided November 27, 1968.)

*Mr. Leander P. Zwick, Jr.,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Gerald Goldberg,* for appellees.

Zimmerman, J. Section 4123.59, Revised Code, sets forth the requirements and conditions necessary to establish a right to death benefits and reads, in part:

"In case an injury to * * * an employee causes his death, *and if* (1) his death ensues, within a period of three years after the injury * * * or (2) compensation for total disability, or partial disability as provided in division (A) of Section 4123.57 of the Revised Code, on account of the injury * * * which caused his death has been paid for any portion of the year next preceding the date of the death of such employee, *or* (3) the administrator or Industrial Commission *finds* that a decedent, who applied for compensation as described in division (2) of this paragraph, and who was examined by a licensed physician, would have been entitled to an award of compensation had not death ensued * * * benefits shall be in the amount and to the persons following * * *." (Emphasis added.)

The petition discloses that a span of nearly 21 years elapsed between Benjamin K. Amos' leg injury and his death. There are no allegations in the petition which bring the case within divisions (1) and (2) of the quoted section. Consequently, plaintiff must rely on division (3). That division demands a *finding* by the administrator or the Industrial Commission that the decedent, upon the condition stated, would have been entitled to an award of compensation had he not died.

It is alleged in that part of the petition quoted in the statement of the case only "that had the decedent lived, he would have been awarded compensation for permanent and total disability."

Entirely absent is any averment of a *finding* that had the decedent lived he would have been entitled to a compensation award. The absence of an allegation of such a "finding" renders the petition fatally defective. Such was the position taken by both of the lower courts, and we are in accord with that position.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

HERBERT, J., dissenting. I dissent for the reason that the widow-claimant has been denied her right to appeal the "decision" of the Canton Regional Board of Review to the Court of Common Pleas as provided in Section 4123.519 of the Revised Code. This section of the code, in its pertinent part, reads:

"The claimant * * * may appeal a *decision* of * * * [a regional board of review] *in any injury case* * * * to the Court of Common Pleas of the county in which the injury was inflicted * * *." (Emphasis added.)

The widow perfected her appeal to the Court of Common Pleas. That court sustained a demurrer, filed by the Administrator of the Bureau of Workmen's Compensation, to the widow's petition.

A demurrer admits the truth of well-pleaded allegations of the petition. Consequently it is necessary that the widow-claimant's petition be reviewed with reference, only, to well-pleaded allegations which state a cause of action.

After stating certain formalities in her petition, the claimant alleges that her decedent husband was injured while engaged in his usual employment; that his death was the direct result of the injury; that he was disabled as a result of the injury from the time of its infliction to the date of his death and that decedent employee was the sole support of the widow.

Pursuant to the provisions of Section 4123.519 of the Revised Code, the plaintiff-widow alleges that a hearing was had before the administrator, who entered the following finding:

"The administrator *finds* that proof of record *does not establish that decedent's death was the result of an injury* received in the course of and arising out of employment.

"The administrator finds from proof of record that the decedent's widow, Blanche Amos, was decedent's sole dependent and was solely and wholly dependant upon him for support at the time of his death.

"It is, therefore, ordered that the death claim be disallowed." (Emphasis added.)

The petition alleges further that the widow filed her

appeal to the Canton Regional Board of Review, which board, after a hearing, affirmed the order of the administrator. The widow gave notice of appeal to the Industrial Commsision, which entered the following order:

"It is ordered that the appeal filed June 28, 1966, by the widow-claimant from the order made June 21, 1966 by the Canton Regional Board of Review, be refused and that copies of this order be mailed this day to all interested parties."

The petition then proceeds:

"Plaintiff alleges that this was a final order denying her the right to participate in the provisions of the Workmen's Compensation Act of the state of Ohio for the death of her husband on April 4, 1965, from the injuries received by him on or about June 29, 1944.

"Wherefore, plaintiff prays judgment against the defendants and each of them in that she be allowed to participate in the provisions of the Workmen's Compensation Act of the state of Ohio and for such other and further benefits as she may be by law entitled."

The petition conformed to and complied with the provisions of Section 4123.519 of the Revised Code, indicating clearly that she was confining her appeal to that section of the Code.

The allegations of the petition, properly pleaded and admitted by the demurrer, and the "decision" of the regional board of review raise a clear-cut issue of fact. A cause of action is stated under the provisions of Section 4123.519 of the Revised Code which forms the basis for the appeal provided for in that section.

The question here that requires a "decision" on the part of the Industrial Commission and the administrator may be stated in this language: Was the decedent employee's death the result of the injury? The widow answers the question, "yes." The Industrial Commission and the administrator answer the question, "no."

Section 4123.519 of the Revised Code confers upon the widow the absolute right to appeal to the Court of Common Pleas and there have this question of fact decided by a jury, if demanded.

I am strongly of the opinion that the petition of the widow states a cause of action and that the demurrer should have been overruled.

The majority opinion ignores the allegations of fact appearing in plaintiff's petition, but rests judgment solely upon the provisions of Section 4123.59 of the Revised Code. Section 4123.59 of the Revised Code *cannot* apply to the case at bar. In the opening sentence of the section it is said:

"In case an *injury* to * * * an employee causes his death * * *."

It clearly appears that the section is controlling *only* in a case where an *injury causes death* of the employee.

It is admitted that the administrator has already made a *finding* that the death of the decedent husband did not result from his injury. He certainly could not make another and contrary finding.

Section 4123.519 of the Revised Code, in mandatory language, assures the widow of her *right* to appeal the *decision* of the Canton Regional Board of Review. She has been denied this right.

Section 4123.95 of the Revised Code provides that:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of * * * the dependents of deceased employees."

*Gugle* v. *Loeser*, 143 Ohio St. 362, in the fourth paragraph of the syllabus, states:

"For the purpose of testing the legal sufficiency of a petition upon demurrer, a court must indulge every reasonable inference, from the facts alleged, to sustain the petition."

The judgment of the Court of Appeals should be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

BROWN, J., concurs in the foregoing dissenting opinion.