LOWREY, APPELLANT, *v.* GOODYEAR TIRE & RUBBER CO. ET AL., APPELLEES.

[Cite as Lowrey v. Goodyear Tire & Rubber Co. (1971), 31 Ohio App. 2d 39.]

(No. 6621—Decided June 9, 1971.)

*Messrs. Harris, Wise, Barrett & Ferguson,* for appellant.

*Messrs. Buckingham, Doolittle & Burroughs,* for appellee Goodyear Tire and Rubber Co.

VICTOR, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Summit County, sustaining a demurrer of defendant Goodyear Tire & Rubber Company, appellee, to the petition of plaintiff Esther Lowrey, appellant and widow of a deceased Goodyear employee David Lowrey, which resulted in the final dismissal of her petition through which she sought to participate in the state insurance fund for death benefits.

The petition contains the following allegations.

David Lowrey sustained an injury at The Goodyear Tire & Rubber Company on January 13, 1958. He died on May 10, 1964. The injury caused an extensive period of temporary total disability. During his lifetime, he filed a claim for workmen's compensation, which was allowed. He was found to have a permanent partial disability of 50% due to a coronary thrombosis resulting from the injury sustained, which was caused by the inhalation of nitrogen gas, and received benefits accordingly. He continued to have difficulty with his heart condition and required medical attention from 1958 through May 10, 1964. On May 8, 1964, he "was admitted to the Akron City Hospital, while totally disabled with his heart condition, and remained there until the time of his death on May 10, 1964." The total disability during the period of hospitalization was related to the same heart condition caused by the injury of January 13, 1958. Because of David Lowrey's condition while hospitalized, he was unable to further file for total disability benefits which were still available to him under the laws of Ohio.

After his death, his widow, Esther Lowrey, filed a claim for benefits. This claim was denied by the Adminis-

trator of the Bureau of Workmen's Compensation for want of jurisdiction, pursuant to R. C. 4123.59. This order was affirmed by the Regional Board of Review, and the Industrial Commission. An appeal was then taken to the Court of Common Pleas of Summit County. The Goodyear Tire & Rubber Company filed a demurrer to the petition on the ground that the court had no jurisdiction of the subject of the action. The court sustained the demurrer, and judgment was entered accordingly. It is from that judgment that Esther Lowrey appeals, asserting that the action of the trial court is contrary to law.

R. C. 4123.59 sets forth the requirements and conditions necessary to establish a right to death benefits. It reads, in part, as follows:

"In case an injury to or an occupational disease contracted by an employee causes his death, and if (1) his death ensues, within a period of three years after the injury or the beginning of disability due to the occupational disease, or (2) compensation for total disability, or partial disability as provided in division (A) of Section 4123.-57 of the Revised Code, on account of the injury or occupational disease which caused his death has been paid for any portion of the year next preceding the date of the death of such employee, or (3) the administrator or industrial commission finds that a decedent, who applied for compensation as described in division (2) of this paragraph, and who was examined by a licensed physician, would have been entitled to an award of compensation had not death ensued; provided denial by the industrial commission of any death claim based upon division (3) of this paragraph shall not be appealable under Section 4123.519 of the Revised Code; benefits shall be in the amount and to the persons following:

"* * * *"

The petition discloses that David Lowrey did not die within three years of his original injury, nor did he receive compensation for any portion of the year prior to death. This case does not come within divisions (1) and (2) of R. C. 4123.59, and Esther Lowrey makes no claim

that it does. The petition does not allege that a "finding" was made, pursuant to division (3) of the section. Goodyear contends that this is fatal, citing the cases of *Amos* v. *Keller,* 16 Ohio St. 2d 29; and *Emmons* v. *Keller,* 21 Ohio St. 2d 48. Plaintiff contends that these cases are not applicable, but that the case of *Rufft* v. *Keller,* 17 Ohio App. 2d 79, governs.

In the *Amos* case, the claim was denied after the Administrator of the Bureau of Workmen's Compensation had conducted a hearing thereon and found "that proof of record does not establish that decedent's death was the result of an injury received in the course of and arising out of employment." In other words, the Administrator actually assumed jurisdiction of the claim but denied it for lack of proper proof. Such a denial is not appealable. The case is, therefore, distinguishable from the case at bar.

In the *Emmons* case, the court denied the decedent's right to recover for the reason that no application for compensation had ever been filed. Hence, the petition did not state a cause of action. This case, too, is distinguishable.

In the case before us, the Administrator of the Bureau of Workmen's Compensation refused to entertain the claim, disclaiming jurisdiction, apparently on the sole ground that the decedent had failed to file any further claim for the disability occurring just prior to his death. We think that the Administrator and the Industrial Commission erred in coming to this conclusion.

The petition alleges that David Lowrey did file a claim and was awarded compensation for his injury. The filing of this original claim, in 1958, was sufficient to give the Administrator of the Bureau of Workmen's Compensation jurisdiction to hear the plaintiff's application for death benefits.

In the case of *Kittle* v. *Keller, Admr.,* 9 Ohio St. 2d 177, it was held that, where an employee has an accident in the course of and arising out of his employment, and suffers injury and files a claim for disability and that

claim is allowed, the jurisdiction of the Industrial Commission over that claim continues, pursuant to R. C. 4123.-52, to "make such modification or change with respect to former findings or orders * * * as, in its opinion, is justified."

Nothing in R. C. 4123.59, division (3), mandates that any further claim be filed prior to death. In many cases, because of the condition of the injured workman, it would be impossible so to do. Such was alleged to have been the condition of David Lowrey in the instant case. See: *Rufft* v. *Keller, supra.*

When the Industrial Commission received notice of David Lowrey's death through Esther Lowrey's application, the continuing jurisdiction of the Industrial Commission was invoked and a hearing to determine whether his death was the result of an injury received in the course of and arising out of his employment was mandatory.

If the Administrator were to find that there was such a causal connection, Esther Lowrey would be entitled to benefits; if such causal connection were found not to exist, the proceedings would terminate as such an order is not appealable. Esther Lowrey, the claimant-appellant, is entitled to have that determination made. Not having had the issue determined during the administrative proceedings, the plaintiff is now entitled to have the matter determined on appeal in the Court of Common Pleas. The facts as alleged in her petition warrant that court assuming jurisdiction.

The judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.