KING, APPELLEE, *v.* HOUSEL, APPELLANT.

[Cite as King *v.* Housel (1990), 52 Ohio St. 3d 228.]

(No. 89-536—Submitted March 14, 1990—Decided July 11, 1990.)

*Reminger & Reminger Co., L.P.A.,* *Mario C. Ciano* and *Nicholas D. Satullo,* for appellee.

*Robert V. Housel* and *Patricia A. Snyder,* for appellant.

MOYER, C.J. Defendant contends that his agreement with plaintiff does not provide for any contingency payment, and even if there were such a provision, it would be unenforceable because it was not disclosed to his clients as required by DR 2-107(A)(1).

DR 2-107(A) provides:

"(A) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm or law office, unless:

"(1) The client consents to employment of the other lawyer after a *full* disclosure that a division of fees will be made.

"(2) The division is made in proportion to the services performed and responsibility assumed by each.

"(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client." (Emphasis added.)

The principal question raised by this case is whether an agreement between two attorneys where one employs the other to help him or her prepare a case for trial and promises to

pay the employed attorney a percentage of the amount recovered but fails to disclose the fee agreement to the client as required by DR 2-107(A)(1) is unenforceable because of the nondisclosure.

We observe at the outset that we make no determination as to whether there was a ten-percent contingency fee agreement between the parties as alleged by the plaintiff. The legal issue to be decided is the validity and enforceability of a fee agreement where an "employer attorney" fails to disclose the existence of a fee-sharing agreement to the client.

"Ordinarily, an agreement between two attorneys at law, representing the same interests, for a division of the fees received is neither unethical nor illegal, and where both attorneys have rendered services and one collects the entire fee, he is liable to the other in accordance with the terms of the agreement." *Gugle* v. *Loeser* (1944), 143 Ohio St. 362, 28 O.O. 318, 55 N.E. 2d 580, at paragraph two of the syllabus.

As indicated in *Spayd* v. *Turner, Granzow & Hollenkamp* (1985), 19 Ohio St. 3d 55, 62, 19 OBR 54, 60, 482 N.E. 2d 1232, 1238, one of the purposes of DR 2-107 is to prohibit the sharing of fees where there is a lack of services performed or responsibility to the client. The service and responsibility referred to in the rule relate to an actual participation in or work on the case. *Palmer* v. *Breyfogle* (1975), 217 Kan. 128, 143, 535 P. 2d 955, 966-967. The rule is not meant to be used as a shield by an attorney in violation thereof to avoid enforcement of a valid fee agreement.

The issues raised herein necessarily require that we determine whose duty it is to disclose a fee agreement to a client and the effect of nondisclosure on enforcement of the fee agreement.

DR 2-107(A)(1) contemplates that the duty of informing a client of the hiring of another attorney to assist in a case and to fully disclose the fee agreement falls on the attorney retained by the client. See *Palmer, id.* An estoppel arises against the employer attorney if he fails to fully disclose the information to his client and he may not use the nondisclosure to avoid enforcement of a valid fee agreement. See *Great Northern Savings Co.* v. *Ingarra* (1981), 66 Ohio St. 2d 503, 507, 20 O.O. 3d 415, 418, 423 N.E. 2d 128, 131. Equitable estoppel requires that a party not be permitted to deny his obligations on the basis of his own wrongdoing. *Hampshire Cty. Trust Co.* v. *Stevenson* (1926), 114 Ohio St. 1, 13, 150 N.E. 726, 729-730.

Plaintiff contends that all that is required by DR 2-107(A)(1) is that the client be informed that the other attorney will be paid for working with the employing attorney. Plaintiff seems to imply that disclosure of the $75 per hour fee agreement satisfied DR 2-107(A)(1).

DR 2-107(A)(1) requires full disclosure of any fee agreement. As applied herein, the rule required that the $75 per hour agreement, as well as a ten-percent contingency fee agreement, if there was one, be disclosed to the client.

Based on the foregoing, we hold that an attorney who employs another to assist him in the representation of a client has a duty to fully disclose to his client the fee agreement with the employed attorney. DR 2-107(A)(1). The duty of full disclosure requires that the amount to be paid and manner of payment, as well as other relevant fee agreements, be disclosed to the client by his attorney. A lawyer's failure to fully disclose a fee agreement to a client as required by DR 2-107(A)(1) may not be used by the

noncomplying attorney to avoid enforcement by the other attorney of an otherwise valid fee agreement.

Our holding is predicated on the existence of a valid fee agreement between the employer attorney and the employee attorney.

It appears that the trial court granted defendant's motion for summary judgment based on defendant's legal argument that a fee agreement not disclosed to a client is not enforceable. Our holding requires that plaintiff first prove the existence of the contingency fee agreement; if he does, the failure of defendant to disclose the information to his client will not prevent plaintiff from receiving the benefits of the agreement.

The court of appeals' conclusion that there was a contingency fee agreement between the parties whereby defendant promised to pay plaintiff ten percent of the fee recovered is erroneous. Our review of this question is governed by the standard for granting a motion for summary judgment.[1] Where a question of material fact exists, it is inappropriate to grant summary judgment. *Jeffers* v. *Olexo* (1989), 43 Ohio St. 3d 140, 142, 539 N.E. 2d 614, 616. The record shows that the only evidence before the court of appeals, adduced on defendant's motion for summary judgment at trial, consisted of the parties' affidavits supporting their conflicting contentions regarding the ten-percent contingency fee and the clients' affidavits indicating that they were informed by defendant of only an agreement for an hourly fee. The evidence clearly shows that the parties agreed to a $75 per hour fee but is conflicting on the factual issue regarding a ten-percent contingency fee.

The judgment of the court of appeals finding that a fee agreement between an employer attorney and an employee attorney must be disclosed to the employer attorney's client is affirmed. However, the court's judgment finding that there was a ten-percent contingency fee agreement between the parties herein is reversed. The cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[1] "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274; *Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 117, 522 N.E. 2d 489, 505.