NEW TOWNE LIMITED PARTNERSHIP, Appellee,

v.

PIER 1 IMPORTS (U.S.), INC., Appellant.

[Cite as *New Towne L.P. v. Pier 1 Imports (U.S.), Inc.* (1996), 113 Ohio App.3d 104.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–384.

Decided July 26, 1996.

*Ronald S. Moening*, for appellee.

*Truman A. Greenwood*, for appellant.

SHERCK, Judge.

This accelerated appeal comes to us from a grant of summary judgment issued by the Lucas County Court of Common Pleas in favor of a landlord in an action to recover rent on the breach of a commercial lease.

In July 1990, appellant, Pier 1 Imports (U.S.), Inc., entered into the ten-year lease of a commercial building. Appellee, New Towne Limited Partnership, is the current lessor under the lease. The lease agreement contained the following language:

"If LANDLORD does not elect to terminate this Lease on account of any default by TENANT, LANDLORD may, from time to time, without terminating this Lease, recover all rent as it becomes due under this Lease."

Appellant occupied the building and made its monthly rental payments until March 1, 1995. On that date, appellant defaulted on the rent and notified

appellee that it had abandoned the premises, declaring it intended to make no future rent payments.

Although appellee attempted to rerent the property by listing it with a commercial real estate firm, it elected not to retake possession of the property or to terminate the lease. Instead, appellee chose to sue for the monthly payments as they became due. This appeal arises from the first of several such suits.[1]

In the trial court, appellee moved for summary judgment. In its response, appellant conceded its breach but argued that a question of fact existed as to damages. According to appellant, appellee had an obligation to mitigate its damages after the breach. Whether appellee had satisfied this obligation, appellant asserted, was a triable issue of fact which precluded summary judgment. The trial court, however, rejected appellant's position, finding that there was no duty to mitigate damages. The court granted appellee's motion for summary judgment, and appellant now brings this appeal.

" * * * Summary judgment shall be rendered forthwith if the pleading, deposition, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

If, as the trial court concluded, appellee had no legal duty to mitigate damages following the breach of a commercial lease, then the trial court's decision to grant appellee a summary judgment must be sustained, as there exists no genuine issue of material fact. On the other hand, should we determine that such a duty to mitigate exists, then we must determine whether this obligation is so overriding as to justify declaring a negating contractual provision to be against public policy.

There is a significant disagreement among jurisdictions as to whether a landlord in a commercial setting has a duty to seek or accept a new tenant in order to mitigate damages for a tenant who has vacated the premises before the end of a lease. Annotation (1968), 21 A.L.R.3d 534, 570, Section 8. Historically,

---

1. The first two cases concerning rent for the months of March, April, May, and June 1995 were consolidated under case No. L–95–348. The third action, case No. L–95–384, concerned rent for the months of July, August, and September 1995. The fourth action concerned rent owed for the months of October, November, and December 1995. All four cases were consolidated by this court for purposes of oral argument.

courts considered a lease an interest in property. Solomon, The Commercial Landlord's Duty to Mitigate Damages (Feb. 1988), 122 N.J.Law. 31. Based on property principles, lease agreements were viewed as a conveyance of an interest in land to the lessee. Smith, Extending the Contractual Duty to Mitigate Damages to Landlords When a Tenant Abandons the Lease (1990), 42 Baylor L.Rev. 553.

In the event of abandonment of the lease, a landlord had two options. First, the landlord could do nothing with the leased premises until the interest in the property reverted to the landlord at the end of the lease term. Solomon at 32. Alternatively, the landlord could recover possession of the premises, terminate the lease and relieve the tenant of the duty to pay future rent. Silverman, The Commercial Landlord's Duty to Mitigate Damages (1992), 21 Colo.L.Rev. 1401. Traditionally, the landlord was under no duty to mitigate damages once the tenant abandoned the premises. *Id.*

Some authorities believe the traditional rule of property is outdated and reflects principles that are no longer legitimate with regard to commercial leases. Barker, Commercial Landlord's Duty Upon Tenant's Abandonment—To Mitigate? (1995), 20 J.Corp.L. 627. Recently, various jurisdictions shifted the law regarding commercial leases away from traditional property rules toward the more modern approach of analyzing leases under contract principles. Smith, 42 Baylor L.Rev. at 553. It has been suggested that commercial leases reflect numerous and complex negotiations similar to other contracts. There are an increasing number of covenants included in commercial leases, emphasizing the idea that a modern commercial lease is essentially an exchange of promises, *id.* at 643, and should be viewed under the principles governing the law of contracts. *Id.* It is a general principle of contract law that one who suffers a breach must take reasonable steps to mitigate damages. See Calamari & Perillo, The Law of Contracts (3 Ed.1987) 610, Sections 14–15.

Appellant asserts that the trial court erred in failing to recognize appellee's duty to mitigate damages once appellant vacated the leased premises. Furthermore, appellant asserts that the trial court failed to recognize the growing trend among various jurisdictions to impose a duty to mitigate upon commercial landlords.

The trial court relied on *Rosenberger v. Hearsnip* (1930), 42 Ohio App. 536, 182 N.E. 596, and *White v. Smith* (1919), 8 Ohio App. 368, as authority for its determination that appellee had no duty to mitigate its damages. However, the majority view among Ohio courts of appeals is that a landlord in a commercial lease has a duty to mitigate damages once the tenant has abandoned the premises. See *Stern v. Taft* (1976), 49 Ohio App.2d 405, 3 O.O.3d 463, 361 N.E.2d 279; *Master Lease of Ohio, Inc. v. Andrews* (1984), 20 Ohio App.3d 217, 20 OBR

264, 485 N.E.2d 820; *Lyon v. Howard* (Nov. 10, 1984), Hancock App. No. 5–86–22, unreported, 1987 WL 20290; *Kay v. Vasilakis* (Jan. 7, 1988), Cuyahoga App. No. 54155, unreported, 1988 WL 1538; *Tokai Fin. Serv., Inc. v. Mathews, Gallovic, Granito & Co.* (Nov. 24, 1995), Lake App. No. 95–L–098, unreported, 1995 WL 803582.

Imposing such a duty assures that an award of damages will put the injured party in as good a position as if the contract had not been breached while affording the least amount of cost to the defaulting party. *F. Ent., Inc. v. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 160, 1 O.O.3d 90, 93–94, 351 N.E.2d 121, 125. This is in conformity with the tenets of contract law. *Id.* Requiring a landlord to mitigate damages by attempting to relet the abandoned premises also promotes the most productive use of the land while at the same time, it discourages injured parties from suffering avoidable economic losses. Smith, 42 Baylor L.Rev. at 561.

As in other types of contracts, the duty to mitigate stems from the implied covenant of good faith and fair dealings. Barker, 20 J.Corp.L. at 644. Imposing a duty to mitigate upon a landlord inflicts no greater burden than that imposed upon a party to any other contract. *Id.* at 644.

Accordingly, we hold that under principles of contract law, a commercial landlord has the duty to mitigate damages. Consequently, absent provisions negating this requirement, appellee had a duty to mitigate damages once appellant abandoned the premises.[2]

In this case, the lease contains a provision which specifically annuls any duty to mitigate. Parties of equal bargaining power are free to enter into any agreement the terms of which are enforceable at law. *Gugle v. Loeser* (1944), 143 Ohio St. 362, 28 O.O. 318, 55 N.E.2d 580; see, also, *Chickerneo v. Society Natl. Bank* (1979), 58 Ohio St.2d 315, 320, 12 O.O.3d 298, 300–301, 390 N.E.2d 1183, 1186. A rental agreement may include any terms which are not inconsistent with or prohibited by law, *Tillimon v. Dukes* (Aug. 28, 1992), Lucas App. No. L–91–343, unreported, 1992 WL 206878, or against public policy.

In the present matter, the term negating any duty to mitigate damages contained in the lease does not violate any principle of law. Similarly, it does not injure the welfare of the public in any way. As a result, the provision does not violate public policy. See *Chickerneo*, 58 Ohio St.2d at 320, 12 O.O.3d at 300–301, 390 N.E.2d at 1186.

---

**2.** Appellee suggests it did attempt to mitigate damages on behalf of appellant by hiring the services of a realty company. However, the issue of whether appellee made reasonable efforts is a question of fact inappropriate for consideration on summary judgment.

Therefore, although the trial court erroneously found that a commercial landlord has no duty to mitigate damages, the parties freely contracted for the omission of such a duty and that provision is enforceable. The trial court's ultimate decision to grant summary judgment was appropriate as there was no genuine issue of material fact in the case and, because the parties legally contracted not to mitigate damages, appellee was entitled to a judgment as a matter of law. Accordingly, appellant's assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been afforded the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, J., concurs.

ABOOD, J., concurs in judgment only.