OPINION
Plaintiffs, Ralph and Phyllis Tincher, appeal from a summary judgment in favor of Defendants, Interstate Precision Tool Corporation ("Interstate").
The Tinchers entered into a commercial lease contract with Interstate in 1995. Defendants, John and Tamara Haymaker, who are principals of Interstate, personally guaranteed the lease. The term of the lease was a period of ten years, beginning on April 1, 1995.
Interstate operated a business out of the Tinchers' property until approximately May 2000. Interstate paid one-half month's rent for May and then vacated the premises. Because they were aware of Interstate's intention to vacate, the Tinchers had listed the property for sale with a real estate agent on April 6, 2000. The property was sold to a third party in May 2001.
The Tinchers commenced this action against Interstate and the Haymakers for breach of lease and breach of guaranty. Interstate filed a counterclaim against the Tinchers seeking a judgment declaring that Interstate's obligations under the lease agreement had terminated by oral agreement of the parties before Interstate vacated the premises.
The parties filed cross-motions for summary judgment. On September 26, 2001, the trial court granted Interstate's motion and denied the Tinchers' motion. The court found that the Tinchers were not entitled to relief, the Defendants' possible breach notwithstanding, because the Tinchers had failed to mitigate their damages when they put the property on the market for sale instead of attempting to lease it to another tenant.
The Tinchers filed timely notice of appeal. They present two assignments of error.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992),63 Ohio St.3d 326.
"Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is denovo." Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547,552.
A landlord has a duty to make reasonable efforts to mitigate damages incurred when a lessee vacates the property before the expiration of the lease term. Dennis v. Morgan, 89 Ohio St.3d 417, 2000-Ohio-211; NewTowne v. Pier 1 Imports (1996), 113 Ohio App.3d 104; Stern v. Taft
(1976), 49 Ohio App.2d 405. The duty to mitigate applies equally to residential and commercial leases. New Towne, supra.
"The term `reasonable efforts' does not require a landlord to make extraordinary efforts to find a new tenant or attempt the unreasonable or impractical." Hines v. Riley (1998), 129 Ohio App.3d 379, 383. Reasonableness is a question of fact inappropriate for consideration on summary judgment. New Towne, supra, at 109, fn. 2. Because failure to use reasonable care to mitigate damages is an affirmative defense, the burden of proof is on the tenant. Snell v. Salem Ave. Assoc. (1996),111 Ohio App.3d 23, 38 (citing Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242, 244).
The trial court found that while genuine issues of material fact remain concerning the alleged breach by Interstate, none remain regarding the Tinchers failure to attempt to re-rent the property. It determined that because the Tinchers didn't make efforts to secure a new tenant, but instead listed the property for sale, Interstate was entitled to summary judgment.
The trial court based its decision on language from Dennis, wherein the Ohio Supreme Court stated that "[l]andlords mitigate by attempting to rerent the property." Dennis, supra, at 394. However, we find that the trial court read Dennis too narrowly.
If an owner of real property who is confronted with a tenant's breach intends to continue to lease the property, then the owner/landlord's duty to mitigate his damages resulting from the tenant's breach requires him to make prompt and diligent efforts to re-lease it to another tenant. However, the first tenant's breach doesn't lock the landlord into that position if the landlord instead decides to sell the property. Then, prompt and diligent efforts to sell it may be a reasonable course of conduct under the circumstances.
There is evidence that the Tinchers acted on their realtor's advice that it would be easier to sell the property than to re-lease it. If it was then more reasonable to place the property for sale, that course of conduct may have fulfilled the Tinchers' duty to mitigate their damages resulting from the Defendants's breach.
We find nothing in Dennis that precludes a landlord, upon a breach of lease by a tenant, from seeking a buyer of the property instead of seeking a tenant. Rather, the rule from Dennis, and the key question for the trier of fact, is only whether the landlord has made reasonable efforts to mitigate the breaching tenant's damages. That is an issue of fact. The method the landlord actually uses to mitigate those damages is not controlling, so long as the method employed is reasonable.
On this record, the Tinchers have preserved a genuine issue of material fact regarding whether they made reasonable efforts to mitigate Interstate's damages. Accordingly, the trial court erred when it granted Interstate's motion for summary judgment. The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT"
The Tinchers argue that the trial court should have granted their own motion for summary judgment, which the court instead denied, because no genuine issues of material fact remained for determination regarding their breach of contract claim. As noted above, the trial court did not determine the breach issue, and instead granted summary judgment in favor of Interstate on its affirmative defense that the Tinchers had failed to mitigate damages.
Because the trial court did not address the breach of lease issue, we will not decide whether it erred in denying the Tinchers' motion for summary judgment on that claim. That issue is best left to the trial court on remand. Therefore, we must also reverse the trial court's denial of the Tinchers' motion for summary judgment.
The second assignment of error is sustained.
 Conclusion
The trial court erred when it granted Interstate's motion for summary judgment. Therefore, the judgment of the trial court will be reversed, and the cause remanded for further proceedings consistent with this opinion.
WOLFF, J., and BROGAN, J., concur.