MASTER LEASE OF OHIO, INC., APPELLEE, *v.* ANDREWS ET AL., APPELLANTS.

(No. 47949—Decided
October 29, 1984.)

*John N. Moore,* for appellee.
*Darryl E. Pittman,* for appellants.

MARKUS, P.J., The trial court granted lessor judgment for damages from lessees' breach of their office equipment lease. On their appeal, lessees admit that they failed to pay agreed rental installments after less than one year of their five-year lease. However, lessees complain that their liability should not exceed the past rent due when the lessor subsequently repossessed the equipment. We disagree and affirm the trial court's judgment for the damages allowed by the lease. For this lease, they include the total unpaid past and future rent less the reasonable sale value of the repossessed equipment.

## I

As appellants, lessees have provided us with the trial court's original papers pursuant to App. R. 9(A). They have provided no transcript or other summary of an evidentiary hearing which the court conducted on the damage issues. We must presume the propriety of the court's resolution of those issues, unless lessees can demonstrate their claimed errors from the appellate record. See *In re Sublett* (1959), 169 Ohio St. 19, 20 [7 O.O.2d 487].

The parties' trial and appellate briefs show their agreement on some facts. Lessees rented an office copying machine for five years at a monthly rental of $92.28. After making a security deposit and approximately eleven monthly payments, lessees defaulted. Lessor repossessed the copier when lessees failed to pay four months' rent, and then sold the copier at a private sale for $850.

The lease terms provide in part:

"8. If the Lessee shall fail to pay any of the instalments of rent when due * * *, Lessor may at his option declare the remaining unpaid instalments of rent immediately due and payable and Lessee's right to continue in possession of the Leased Equipment shall thereupon cease, all without notice or demand. * * * Upon such repossession of the Leased Equipment, the Lessor shall have the right: To sell the Leased Equipment at public or private sale with the right of Lessor to purchase any or all of the Leased Equipment at such sale, to pay all charges and expenses incurred by Lessor in connection with or incidental to the repossession (including a reasonable attorney's fee), storage, preparation for sale and sale, and to credit the remainder of the sale price to the unpaid balance of the rent hereunder, the Lessee to remain liable for any deficiency. * * *"

Lessor's briefs assert that lessor purchased the equipment with an installment bank loan, in order to lease it at a rental exceeding the loan payments. Lessor also claims that it lacked facilities to relet any equipment it repossessed, so it sold such equipment to cover its corresponding bank loan. The partial record before us neither confirms nor denies those statements. Likewise, the record lacks clarity whether lessor gave lessees notice before it sold the copier at a private sale. The court found from evidence which is not before us that the copier's value was $1063.73 when lessor sold it.

Lessees claim that the damages should be (a) the unpaid rent accrued when lessor repossessed, (b) interest on that past due rent, and (c) lessor's repossession costs. Those items apparently total almost $700, though the partial record precludes any precise

calculations. The court granted lessor judgment for those sums plus the future remaining rental payments less the reasonable value of the repossessed copier. Thus, the court entered judgment for $3500.

## II

By traditional contract principles, the measure of damages for lessees' breach of the lease is the value of the bargain thereby lost by lessor. Lessees agree that lessor's loss includes any unpaid accrued rent at the time of repossession and lessor's repossession expenses. Relying on an earlier decision by this court, lessees contend that lessor cannot recover unpaid future rents which were not yet accrued when lessor repossessed. See *Frank Nero Auto Lease* v. *Townsend* (1979), 64 Ohio App. 2d 65 [18 O.O.3d 43].

The *Townsend* decision involved significantly different lease terms (*id.* at 68-69):

"In the instant case, the motor vehicle lease agreement allows the lessor to repossess the automobile as well as accelerate future rents upon the lessee's default. There is no provision requiring the lessor to mitigate damages. To the contrary, the default provision permits the lessor to regain possession of the leased motor vehicle, relet or resell the motor vehicle and collect rents for the entire period of the lease. This clause enables the lessor to receive a double payment for the leased motor vehicle and bears no reasonable relationship to damages actually sustained. Damage clauses which bear no reasonable relationship to the damages incurred are contrary to Ohio's public policy. Consequently, we find that the default clause is invalid and unenforceable."

The *Townsend* opinion also explained (*Id.* at 68-71):

"* * * As a general rule, parties are bound by the provisions of their contracts. However, where the damage provision is punitive rather than compensatory, it violates public policy and will not be enforced because it bears no reasonable relationship to the damages actually incurred.

"* * *

"Nevertheless, the weight of authority recognizes the right of the parties to contractually provide for repossession and the acceleration of future rents where the stated damages bear a reasonable relationship to actual damages or where the lessor has an obligation to mitigate damages by reselling or reletting the leased chattel. * * *

"* * *

"* * *Implicit in these decisions is the acknowledgement that contractual provisions providing for both repossession and the acceleration of future rents will be enforced as long as they do not impose a penalty. This is consistent with the weight of authority in other jurisdictions."

For these reasons, the *Townsend* case concluded (*id.* at 71-72):

"In light of the foregoing, this court holds that where a motor vehicle is repossessed by a lessor, the obligation to pay unaccrued rent is terminated. However, where the parties agree to a provision which calls for acceleration of all rents and repossession upon default, such provision will be enforced where it requires the lessor to either resell or relet the motor vehicle in mitigation of the lessee's deficiency. Absent a damage provision that bears a reasonable relationship to the actual damages incurred by the lessor, provisions that call for repossession plus acceleration of all unaccrued rents under the lease will not be enforced.

"Where a motor vehicle is leased and there is no provision in the lease agreement for the payment of unaccrued rents, or where a provision in a lease for the payment of unaccrued rents is invalid, the formula for calculating damages where the motor

vehicle is repossessed is all unpaid rent which has accrued at the time of repossession, interest on those accrued rental payments and costs of repossession."

Unlike the *Townsend* lease, the parties' agreement here does not authorize lessor to impose a penalty or obtain double recovery for its loss. This lessor cannot recover the accelerated rental payments and sell the repossessed equipment without crediting lessees with the net proceeds of that sale.

Ordinarily, a lessor must make reasonable efforts to mitigate damages sustained by the breach of its lease. Cf. *Chandler* v. *General Motors Acceptance Corp.* (1980), 68 Ohio App. 2d 30, 32 [19 O.O.3d 90] (after repossession of chattels on an installment sales contract); *The Way International* v. *Ohio Center* (1982), 3 Ohio App. 3d 451, 452 (after repossession of a leasehold on a realty lease). The *Townsend* lease contravened public policy by allowing the lessor to relet or sell the repossessed property without crediting the proceeds against accelerated unpaid rents.

We need not determine here whether a lease which allows acceleration of unpaid rentals must require lessor to mitigate those damages by reletting or sale. The common law may well impose that duty if the lease does not preclude it. In *Townsend* the lease excused the lessor from that duty, so the acceleration clause was a penalty. In this lease, the lessor is expressly required to credit the accelerated rentals with any net proceeds from selling the repossessed equipment.

The lessor's duty to mitigate after repossession usually takes the form of reletting rather than sale. The reasonable sale value typically exceeds the lease value for the remaining term. For office equipment which becomes obsolete rapidly, these generalities may have less meaning. This lessor claims that its business practices favor sales of repossessed property rather than attempts to relet. In any event, the parties agreed to this method of mitigating damages in their lease agreement, so we should not insist that the lessor relet.

However, the duty to mitigate by selling or reletting repossessed property requires diligence to obtain commercially reasonable proceeds. The lessor has the burden of proving the reasonableness of the sale proceeds once the lessee raises that issue. Cf. *Winters National Bank* v. *Saker* (1979), 66 Ohio App. 2d 31, 37 [20 O.O.3d 76] (sale following repossession for a secured transaction); *First National Bank* v. *Turner* (1981), 1 Ohio App. 3d 152, 155 (same). In this case, lessees do not challenge the trial court's determination of the copier's value as a credit against lessees' liability.

The lessees' assigned errors are each overruled, and the trial court's judgment is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and RUSSO, JJ., concur.