OPINION
On January 5, 1999, CNL American Properties Fund, Inc. filed a complaint against appellants, Midland Food Services II, L.L.C. and Midland Food Services III, L.L.C., and others regarding two restaurant leases between appellants as tenants and appellee, Castle Hill Holdings VII, L.L.C., as landlord. An amended complaint was filed on April 28, 1999. Said complaint added Count IV for money damages arising out of appellants' breach of the restaurant leases. Appellants did not answer or otherwise appear.
On September 1, 2000, CNL assigned Count IV of the amended complaint to appellee, and filed a notice of substitution of parties, substituting Castle Hill for CNL. On same date, appellee filed a motion for default judgment. By entry filed same date, the trial court awarded appellee $24,208,473.30 as against appellants ($3,270,068.05 as against Midland II and $20,938,405.25 as against Midland III).
On September 29, 2000, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B). By judgment entry filed December 15, 2001, the trial court denied said motion.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT.
 I
Appellants claim the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment. We disagree.
A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Appellant based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect," "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1), (3) and (5).
In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
In order to qualify for relief, the rule must be satisfied first before proceeding to a GTE Automatic analysis.
It is clear there is no proof of "mistake, inadvertence, surprise or excusable neglect" pursuant to Civ.R. 60(B)(1). This matter had been pending from the filing of the complaint, January 5, 1999, until the granting of the default judgment, September 1, 2000. Although appellants were served on January 8, 1999, they made no appearances in the case up to the date of the default judgment.[1] Appellants' Brief at 15. The complaint alleged breach of the leases which were attached to the complaint. Appellee sub judice stands as a "substitute plaintiff" but was an original party to the complaint and filed a cross-claim in the case on January 20, 1999. Said claim sought restitution of the premises and other relief as required in equity. Attached thereto were the leases involved which included an acceleration of rent provision.
It is well established in Ohio that mistake, inadvertence, surprise or excusable neglect is not a defense once legal counsel is in the case.Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389; GTE,supra, at paragraph four of the syllabus.
Civ.R. 60(B)(3) permits relief if there is a showing of fraud, misrepresentation or other misconduct of the other party. Appellants admit they never contested the eviction, but were surprised that judgment was taken against them. First, appellants argue they should have been served with the notice of substitution, substituting appellee for CNL. Pursuant to Civ.R. 5(A) "[s]ervice is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6." As noted supra, appellee was a party to the action and had filed a cross-claim for eviction and other equitable relief, claiming rights in the ground leases. CNL had filed for eviction, rent and damages and appellee merely stepped into its shoes. No new claims or issues were raised by the substitution of the party-plaintiff.
Appellants also argue they should have been served with the motion for default judgment. Apart from there being no obligation under Civ.R. 51(A) to so notice them, there is the controlling case law of Miller v. Lint
(1980), 62 Ohio St.2d 209, 214, wherein the Supreme Court of Ohio held the following:
 Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits.
Even if appellants would have been noticed of the motion for default judgment, the holding of Miller would preclude the granting of a leave to plea and we would be at the same position we are sub judice, that is, arguing a Civ.R. 60(B) motion.
Appellants also argue they did not believe judgment would be taken against them because of a forbearance agreement with CNL. Said agreement addressed only the rents due to CNL and not appellee's ground leases. At best, the forbearance agreement payments should be subtracted from the default judgment award. There has been no actual showing of fraud by appellants to establish Civ.R. 60(B)(3) relief.
Lastly, and probably the most persuasive argument, is the claim for relief under Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." Appellants' argument is twofold. First, appellants argue the shear size of the judgment calls into question the right to be heard. We do not find this argument to be persuasive because appellants freely admitted that they were in default of the lease payments. Therefore, the parties must have anticipated the possibility of acceleration as it was attached to appellee's cross-claim. Second, appellants argue appellee had the duty to mitigate its damages and a total judgment for the entire amount of the acceleration clause is unjust. We concur that a party seeking to obtain judgment on an acceleration clause must mitigate its damages. Master Lease of Ohio, Inc. v. Andrews (1984),20 Ohio App.3d 217; Frank Nero Auto Lease v. Townsend (1979),64 Ohio App.2d 65.
Appellants also argue that when the evidence is insufficient to support the damages awarded, relief should be granted at least on the amount of damages. In support of this argument, appellants cite Carr v. CharlieNational Life Insurance Co. (1986), 22 Ohio St.3d 11, syllabus, wherein the Supreme Court of Ohio held "[w]hen the evidence presented at a default judgment hearing is insufficient to support the damages awarded, the trial court abuses its discretion when it denies a Civ.R. 60(B) motion to the extent that the motion challenges the amount of the award."
We find this holding to be applicable sub judice and we reverse the trial court's decision and order a hearing on damages only. Under Civ.R. 55(A), a trial court must ascertain what damages are appropriate:
 If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
In its motion for default judgment, appellee claimed a hearing was not necessary because the damages involved were of a liquidated amount. In support of this argument, appellee supplied the affidavit of Michael Wood, Executive Vice President and Chief Operating Officer of CNL, wherein Mr. Wood set forth the relevant provisions of the leases for the calculation of damages as follows:
 Paragraph 13(b) address the parties' respective rights and obligations in the event of an uncured default. Under this provision, all of Tenant's obligations and duties survive, and continue after the termination of the Lease, including the obligation to pay the specified Annual Rent. (Ex. A, ¶ 13(b); Ex. B, ¶ 13(b)).
 Paragraph 13 (b) further provides that in the event of an uncured default, Landlord, may accelerate the monthly installments of rent for the remaining term of the lease. (Ex. A, ¶ 13 (b); Ex. B, ¶ 13(b)).
 Paragraph 2(c) provides that in the event any installment of rent is past due more than 15 days, there shall be (a) an automatic charge of additional rent equal to 5% per annum due and payable with respect to such delinquency from the expiration of the 15 day grace period until Landlord receives payment. (Ex. A, ¶ 2(c); Ex. B, ¶ 2(c)).
 Paragraph 21(g) gives Landlord the right to recover attorney's fees incurred by reason of Midland's failure to perform or comply with any term or condition of the lease. (Ex. A, ¶ 21(g); Ex. B, ¶ 21(g)).
Support of the damages is set forth in an attached exhibit labeled "Exhibit C" which lists the default, interest and accelerated payment amounts.
Although we agree the judgment may have been one resolvable through simple mathematics, it nevertheless failed to address the issue of mitigation of damages and the defense raised under Civ.R. 60(B) that some funds had been paid since the default which appellants believe they deserve credit for:
 Consistent with my belief, on may occasions CNL, through Mr. Beal, expressed its intent to enter into new leases with Midland II and Midland III. CNL also agreed to allow Midland II and Midland III to continue to occupy the premises in return for monthly payments of $43,750.00. Moreover, Mr. Beal agreed that it was in the best interest of CNL for Midland II and Midland III to remain viable as a tenant for CNL.
 See, Affidavit of Appellants' Attorney, Gary Schildhorn, Esq., attached to Appellants' Motion for Relief from Judgment filed September 29, 2000.
Further, the affidavit of appellants' treasurer, Christopher Flocken, established the following payments:
 Moreover, during the entire pendency of the litigation and even today, CNL has not enforced any writ of restitution against Midland II or Midland III. To the contrary, CNL entered into an agreement whereby it agreed to accept a monthly payment of $43,750 to forebear enforcing the writs of restitution and allow Midland III to continue to occupy the premises.
Based upon the above facts and law and the failure to conduct an actual hearing, we find the trial court should have granted limited Civ.R. 60(B) relief as to damages. The matter is remanded to the trial court for a damages hearing only. It should be noted that in the conduct of these hearings, the defaulting party may participate but cannot defend given the fact they failed to defend in the lawsuit.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part, reversed in part and remanded to said court for a hearing on damages only. Costs to appellants.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.
[1] Both parties concurred that an attorney for appellants was present at court during the various hearings but did not participate.